IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RYAN and MARISA ALTENBAUCH,     :

                                          : C.A. No. N19C-11-046 WLW

            Plaintiffs,           :

                                         :

      v.                              :

                                         :

BENCHMARK BUILDERS, INC. and    :

DELAWARE ROOFING & SIDING      :

COMPANY, LLC,                    :

                                         :

           Defendants.         :

Submitted: March 9, 2021
Decided: March 26, 2021

## ORDER

Defendant Benchmark Builders, Inc.'s Motion
for Summary Judgment.
*Granted.*

Blake A. Bennett, Esquire and Deal R. Roland, Esquire of Cooch and Taylor, P.A., Wilmington, Delaware; attorneys for Plaintiffs.

Daniel F. McAllister, Esquire of Tarabicos Grosso, LLP, New Castle, Delaware; attorney for Defendant Benchmark Builders, Inc.

Kiadii S. Harmon, Esquire of McGivney Kluger Clark & Intoccia, P.C., Wilmington, Delaware; attorney for Defendant Delaware Roofing & Siding Company, LLC.

WITHAM, R.J.

This matter before the Court is a continuation of Defendant Benchmark Builders Inc.'s[1] (hereafter "Benchmark") Motion for Summary Judgment against Plaintiffs', Ryan and Marisa Altenbaugh (hereafter "Altenbaugh"), negligence complaint. Benchmark argues that the complaint is time barred pursuant to 10 Del. C. § 8106. After considering the Motion, Altenbaugh's response, and the record of this case, this Court **GRANTS** the Motion for the following reasons.

## Factual and Procedural History

1. Altenbaugh filed a complaint on November 6, 2019, seeking recovery for the damages to their house located at 835 Colorado Drive, Newark, Delaware (hereafter "the property"). The basis for the complaint was one count of negligent construction of Altenbaugh's house which was purchased on March 31, 2008. The defects were allegedly discovered sometime during August 2019.

2. On December 2, 2019, Benchmark filed a Motion to Dismiss or in the Alternative for Summary Judgment on Superior Court Civil Rule 12(b)(1) and 12(b)(6) grounds.[2] Benchmark based its motion on the complaint being time barred and on the grounds that the contract signed by Altenbaugh provided a Limited Warranty mandating arbitration in case of disputes.

3. Attached to Benchmark's Motion to Dismiss was a letter from Altenbaugh to Benchmark, which Benchmark presented to show that Altenbaugh was knowledgeable of the defective construction alleged in the complaint but

---

[1] Counsel for Delaware Roofing & Siding sent a letter to this Court requesting that the decision on this matter be applied to them; however, Delaware Roofing & Siding has not filed a motion to join the summary judgment. It would be the better practice for counsel to actually file a motion to join with Benchmark.
[2] Def.'s Motion to Dismiss at ¶17.

failed to act within the statutory period to bring a claim. The letter was not considered for the purposes of the Rule 12(b)(6) motion because "Delaware courts generally do not consider documents outside the pleadings under rule 12(b)(6)."[3] Instead, the Court allowed for further discovery along with additional memoranda and converted the Motion to Dismiss into a Motion for Summary Judgment so that the parties could "determine when the particular damage asserted was revealed and whether [Altenbaugh] was blamelessly unaware of this damage."[4] The parties were given 60 days to submit additional pleadings for the Court's consideration.[5]

4. Thereafter, Benchmark issued a series of interrogatories to Altenbaugh. Altenbaugh's answers to those interrogatories indicate that Altenbaugh knew of the construction defect in January 2011.[6] On July 16, 2020, Altenbaugh was deposed by Benchmark, and during this deposition Altenbaugh was questioned about when he knew of any of the alleged construction defects to the property.[7] Shortly after the deposition, both parties submitted supplemental responses opposing the Motion for Summary Judgment and supporting the Motion, respectively. Altenbaugh's supplemental response was filed with this Court on July 24, 2020, and Benchmark filed its supplemental response on July 27, 2020.

### Parties' Contentions

5. Benchmark argues that Altenbaugh is barred from bringing the complaint against it because the statutory limit has passed, and even when viewing the facts

---

[3] *Altenbaugh v. Benchmark Builders, Inc., et. al.*, C.A. No. 19C-11-046, at ¶ 9 (Del. Super. May 27, 2020).
[4] *Id.* at ¶ 11.
[5] *Id.*
[6] Def.'s Ex. A at Interrogatories 5 and 6.
[7] Def.'s Ex. B.

in Altenbaugh's favor, the "time of discovery rule" does not apply to him because Altenbaugh was on notice of the injury based on acknowledgements made in 2011. Altenbaugh counters that his knowledge in 2011 was limited as to the extent of the injury and to what extent such defects had damaged the property. Altenbaugh further argues that the statutory limit should be tolled to the date that he discovered the "systemic water intrusion" which is sometime in August 2019.

### Standard of Review

6. Summary Judgement should be granted only if the record shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[8] The facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in favor of the non-moving party.[9] Summary Judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances...The movant bears the burden of demonstrating that a genuine issue of material fact does not exist.[10]

7. Title 10 of the Delaware Code, section 8106, places the time limit for filing a negligence claim at three (3) years from the accruing of the cause of action.[11] "A cause of action 'accrues' at the time of the alleged wrongful act, even

---

[8] *Balzereit v. Hocker's Super Thrift, Inc.*, 2012 WL 3550495 at *1 (Del. Super. July 24, 2012) (Citations omitted).
[9] *Id.*
[10] *Id.*
[11] *Washington House Condominium Association of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 3412079 at *17 (Del. Super. Aug. 8, 2017), citing 10 Del. C. § 8106.

if the plaintiff is ignorant of the cause of action."[12] The limitation period may be tolled if the plaintiff is blamelessly ignorant of an inherently unknowable cause of action.[13] The party claiming that tolling applies has the burden of showing that there were "no observable or objective factors to alert them of the injury and that they were blamelessly ignorant."[14]

**Discussion**

8. The underlying issue in this case is when Altenbaugh can be said to have had knowledge of the water intrusion forming the basis for the Complaint. Benchmark argues that Altenbaugh had knowledge of the injury in 2011; however, Altenbaugh argues that his knowledge in 2011 was ignorant of the extent to which the property was being damaged. In Altenbaugh's Complaint—and as pointed out by Benchmark in its Motion—the term used to describe the injury suffered is "construction defect."[15] When bringing claims based on "negligence related to the purchase of a home, the statute of limitations begins to run on the date of the settlement or closing."[16] If the injured party can show "that there were no observable or objective factors" indicating some defect that directly results in the injury, then the plaintiff is said to be blamelessly ignorant of those defects and the statutory limitation period begins to run from that moment.[17]

---

[12] *Id.*

[13] *Lee v. Linmere Homes, Inc.*, 2008 WL 4444552 at *3 (Del. Super. Oct. 1, 2008).

[14] *Id.*

[15] Def.'s Supplement for Motion for Summary Judgment, Trans. I.D. 65800785 at n. 1. In Benchmark's footnote, the places in Altenbaugh's complaint where the phrase "construction defect" is used to describe the injury are noted.

[16] *Linmere Homes, Inc.*, 2008 WL 4444552 at *3.

[17] *Id.*

9. Here, Benchmark has shown that Altenbaugh was on notice of such defects because Altenbaugh pointed them out in a letter to Benchmark dated January 17, 2011, as well as notated them in "punch lists"[18] dated January and March 2009.[19] In the January 17, 2011, letter, Altenbaugh described the discovery of a "significant [amount of] water" in the basement of the property.[20] Prior to the 2011 letter, Altenbaugh explicitly states that "[t]he middle of the kitchen windows leaks (sic) when it rains."[21] Altenbaugh's characterization of these two admissions of knowledge as mere "limited leaks" does not correspond with the language used in Altenbaugh's complaint or in the January 2011 letter.

10. In the Complaint, Altenbaugh states that, after a structural report supplied by another vendor, he became aware of "systemic and catastrophic water intrusion" causing the injury that is attributed to Benchmark.[22] In the 2011 letter, Altenbaugh's use of "significant water on the inside of the walls" is comparable to his use of "systemic and catastrophic water intrusion," particularly when the 2011 letter describes the area affected by the water intrusion as "about 15 feet horizontal and 4 feet vertical."[23] This is also evidenced by Altenbaugh's responses to Benchmark's interrogatories where Altenbaugh stated "Plaintiff became aware of

---

[18] A "punch list" is a list of "minor defects" that the builder will correct as the "last event to occur in a normal construction job." See *Gibbons v. Whalen*, 2009 WL 3014325 at *5 (Del. Com. Pl. Sept. 21, 2009).

[19] Def.'s Supplement for Motion for Summary Judgment, Trans. I.D. 65800785, Ex. D. *See also,* Def.'s Motion to Dismiss, Trans. I.D. 64478081, Ex. A.

[20] Def.'s Motion to Dismiss, Trans. I.D. 64478081, Ex. A.

[21] Def.'s Supplement for Motion for Summary Judgment, Trans. I.D. 65800785, Ex. D.

[22] Pl.'s Compl. at ¶ 6.

[23] Def.'s Motion to Dismiss, Trans. I.D. 64478081, Ex. A.

limited water intrusion on one portion of their basement wall in January 2011."[24] Altenbaugh's use of "limited water intrusion" does nothing to diminish the fact that there was knowledge of the water intrusion which was described as "significant" when Altenbaugh alerted Benchmark to the problem in the 2011 letter. Benchmark characterizes Altenbaugh's attempts "to keep their claim alive" as "hardly subtle" and, in that, the Court agrees.[25] The adjectives used to characterize the injury is of no consequence when determining when a plaintiff has discovered the cause of action.[26]

11.    Finally, Altenbaugh argues that the notifications of "limited leaks identified in a punch-list [do] not put a homeowner on notice of latent systemic issues with a property's veneer."[27] Altenbaugh relies on *Washington House* to make this assertion, but, as is rightly pointed out by Benchmark, the issue in *Washington House* was not the individual homeowners' knowledge of latent issues, but rather, the knowledge of "the entity that was party to the litigation, which at the time of the prior complaints [from unit owners] was controlled by the very party asserting the statute of limitations defense."[28] As Benchmark explained, "it makes perfect sense that the Washington House court (sic) held that the builder's assurances that the problems would be addressed tolled the statute of limitations—

---

[24] Def.'s Supplement for Motion for Summary Judgment, Trans. I.D. 65800785, Ex. A.
[25] *Id.* at ¶ 8; see also *Id.* at n 1.
[26] *Washington House Condominium Association of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 341079 at *18 (Del. Super. Aug. 8, 2017).
[27] Pl.'s Supplemental Response, Trans. I.D. 65793901, at ¶ 16.
[28] Def.'s Supplement for Motion for Summary Judgment, Trans. I.D. 65800785, at ¶ 11. See also, *Washington House Condominium Association of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 341079 at *18 (Del. Super. Aug. 8, 2017).

the builder was acting as both builder and sole member of the condo association itself."[29]

## Conclusion

12. Altenbaugh has presented nothing to this Court to lead to any other conclusion that Altenbaugh possessed the requisite knowledge that there was an injury that served as the basis of the complaint and that Altenbaugh possessed that knowledge at least in 2011 when the 2011 letter was sent to Benchmark complaining of "significant water" in the basement of the property. Furthermore, this Court agrees with Benchmark's distinguishing of the cases cited by Altenbaugh and the facts in this case. Altenbaugh knew of water intrusions into the property and failed to lodge the complaint now alleged within three (3) years of becoming aware.

**WHEREFORE**, for the reasons stated above, this Court **GRANTS** Defendant Benchmark Builders, Inc.'s Motion for Summary Judgement.

**IT IS SO ORDERED**.

*/s/ William L. Witham, Jr.*
Resident Judge

WLW/dmh

---

[29] *Id.*